UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | 5:20-cv-01946-SVW-SP/5:20-cv-00200-SVW-SP | Date | 4/16/2021 |
|---|---|---|---|
| Title | *Crew, Inc. v. Leslie Walker et al./ Leslie Walker v. Crew, Inc. et al* | | |

| Present: The Honorable | STEPHEN V. WILSON, U.S. DISTRICT JUDGE |
|---|---|
| Paul M. Cruz | N/A |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| N/A | N/A |

**Proceedings:**    IN CHAMBERS ORDER DISMISSING CASE

Having reviewed Plaintiff's response to the Court's order to show cause, Dkt. 26, the Court hereby orders as follows:

(1) Because there are no longer competing claims to the stake, this interpleader action is dismissed.

(2) The related action brought by Defendant Walker (5:20-cv-00200-SVW-SP) is also dismissed.

(3) Under these circumstances, after reviewing the positions of Plaintiff and Defendant Walker, and considering the applicable factors, the Court does not exercise its discretion to award attorney's fees and costs under 29 U.S.C. § 1132(g). Courts must consider the following factors in addressing ERISA fee requests: "(1) the degree of the opposing parties' culpability or bad faith; (2) the ability of the opposing parties to satisfy an award of fees; (3) whether an award of fees against the opposing parties would deter others from acting under similar circumstances; (4) whether the parties requesting fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA; and (5) the relative merits of the parties' positions." *Simonia v. Glendale Nissan/Infiniti Disability Plan*, 608 F.3d 1118, 1121 (9th Cir. 2010) (quoting *Hummell v. S.E. Rykoff & Co.*,

|  | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:20-cv-01946-SVW-SP/5:20-cv-00200-SVW-SP | Date | 4/16/2021 |
|---|---|---|---|
| Title | *Crew, Inc. v. Leslie Walker et al./ Leslie Walker v. Crew, Inc. et al* | | |

634 F.2d 446, 453 (9th Cir. 1980)).[1]

These factors do not favor a fee award. First, Defendant Walker's argument that Plaintiff engaged in culpable or bad faith conduct is unpersuasive. In fact, this factor strongly weighs against a fee award. As set forth in its response, Plaintiff was presented with a difficult legal question under California community property law, and it identified the named beneficiaries, the Pocorenas, as having a strong argument to the stake. While the Pocorenas twice suggested that they would waive their claims, those statements were made while they were unrepresented, and after expressing considerable confusion about the nature of these proceedings and their potential liabilities. Those waivers were ultimately recanted. Under the circumstances, Plaintiff acted responsibly in ensuring the Pocorenas were apprised of their rights and that, despite legal uncertainty on this point, any waiver could be enforced.

The remaining factors either favor Plaintiff or are neutral. Fiduciaries facing genuinely unresolved legal questions should not be deterred from pursuing interpleader actions by the risk of fee liability. That would incentivize fiduciaries to award a legitimately contested benefit to a represented claimant to avoid the risk of fee liability in an interpleader action and consequently ignore the rights of unrepresented parties. Additionally, while the Pocorenas withdrew their claims, and this Court has not independently assessed the relative merits of the parties' positions, there appear to be strong arguments on both sides. The legal issue itself was limited to the parties at issue here and a decision would not benefit other parties. While Plaintiff likely has some ability to pay, this factor is outweighed by the others. Consequently, the *Hummell* factors weigh against a fee award in these circumstances.

The Court is mindful of Ninth Circuit case law stating that "a prevailing ERISA beneficiary 'should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust.'" *Herman v. LifeMap Assurance Co.*, 810 F. App'x 574 (9th Cir. 2020) (quoting *Smith v. CMTA-IAM Pension Tr.*, 746 F.2d 587, 589 (9th Cir. 1984)). However, the Court concludes here that special circumstances would render a fee award unjust.

---

[1] The Court assumes that Defendant Walker achieved "some degree of success on the merits." *Hardt v. Reliance Standard Life Ins. Co.*, 560 U.S. 242, 255 (2010) (quoting *Ruckelshaus v. Sierra Club*, 463 U.S. 680, 694 (1983)).

|  | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:20-cv-01946-SVW-SP/5:20-cv-00200-SVW-SP | Date | 4/16/2021 |
|---|---|---|---|
| Title | *Crew, Inc. v. Leslie Walker et al./ Leslie Walker v. Crew, Inc. et al* | | |

Because the Pocorenas withdrew their claims, Defendant Walker's recovery was not directly connected to the efforts of her counsel. Moreover, her counsel's conduct prolonged the investigation and litigation. As Plaintiff describes, Defendant Walker's counsel refused to provide documents to assist with Plaintiff's investigation and refused to seek confirmation of her marital status in the divorce proceeding, which would have made Plaintiff's resolution of the legal issues considerably easier. Finally, Plaintiff provided Defendant Walker with a Rule 68 offer for the entire 401(k), and Defendant Walker's counsel not only refused but proceeded to file a lengthy trial brief weeks after the Pocorenas formally withdrew their claim and the stake was no longer contested. Accordingly, the Court concludes that this course of events constitutes special circumstances rendering a fee award unjust.

(4) Plaintiff is directed to distribute the funds to Defendant Walker directly in accordance with the anti-alienation provisions in the governing plan and applicable law.

_____ : _____

Initials of Preparer       PMC